IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD T. FARREN** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**EXPERIAN INFORMATION** )<br>**SOLUTIONS, INC.** )<br>   and )<br>**TRANSUNION, LLC** )<br>   and )<br>**ANDERSON FINANCIAL NETWORK, INC.** )<br>   and )<br>**GMAC** )<br>   and )<br>**RJM ACQUISITIONS FUNDING, LLC** )<br>)<br>**Defendants.** )<br>) | Civil Action No. 04-995 |

**PLAINTIFF RICHARD T. FARREN'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT RJM ACQUISITIONS FUNDING, LLC'S MOTION FOR RECONSIDERATION IN PART OF THE COURT'S JULY 29, 2005 ORDER**

Plaintiff Richard T. Farren, through undersigned counsel, respectfully submits this Opposition to Defendant RJM Acquisitions Funding, LLC's ("RJM") Motion for Reconsideration in Part of the Court's July 29, 2005 Order (the "Motion for Reconsideration"). This Court granted in part and denied in part RJM's motion for summary judgment. *See Farren v. RJM Acquisitions Funding, LLC*, Civ. No. 04-995, 2005 WL 1799413 (E.D. Pa. July 26, 2005) ("Memorandum and Opinion").

For the reasons set forth below, RLM's Motion for Reconsideration should be denied.

**I.      INTRODUCTION**

RJM's Motion for Reconsideration is nothing more than a masked and bald attempt to get another bite at the proverbial apple. Unsatisfied that it obtained summary judgment only in part

in this consumer protection case, RJM now boldly moves this Court to reverse itself and also grant summary judgment with respect to Plaintiff's remaining claims under section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended,* and under section 1692e(8) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); a request that this Court already rejected in its Memorandum and Opinion.

In so moving, RJM completely ignores the standard for a motion for reconsideration within this Circuit – which is to correct "manifest errors of law or fact" or to present "newly discovered evidence." Indeed, RJM presents no new evidence whatsoever. Further, RJM does not even argue that this Court made an error of law, much less a "manifest error of law." Rather, RJM simply assumes that this Court did not read the parties' papers carefully enough the first time or listen to their positions at oral argument. Ignoring the cannon of *stare decisis*, RJM now, in essence, moves for summary judgment a second time with respect to the claims on which it did not prevail the first time around.

Nor does RJM's attempt to say anything different in essence than what RJM already argued to this Court in its summary judgment papers and at oral argument on June 1, 2005. Indeed, there is no change in the facts and the only augmentation in the law within this Circuit is yet another decision denying summary judgment to a credit furnisher under FCRA, and allowing even willful claims and punitive damages to go to the jury. *See DiPrinzio v. MBNA America Bank, NA*, Civ. No. 04-872, 2004 WL 2039175 (E.D. Pa. Aug. 24, 2005). The *DiPrinzio* court denied summary judgment for essentially the same reasons that this Court denied summary judgment in part – because the credit furnisher failed to conduct a reasonable investigation and also failed to consistently update all of the credit bureaus to which it was reporting credit information. *Id.*

RJM's Motion for Reconsideration, therefore, is an unjustified and improper attempt to re-litigate decided claims, and should be denied.

II.     **STANDARD FOR MOTION FOR RECONSIDERATION**

The standards controlling a motion for reconsideration are set forth in Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.1. *Vaidya v. Xerox Corp.*, Civ. No. 97-547, 1997 WL 732464, at *1 (E.D. Pa. Nov. 25, 1997). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also Drake v. Steamfitters Local Union*, No. 420, Civ. No. 97-585, 1998 WL 564886, at *3 (E.D. Pa. Sept. 3, 1998). "Courts should grant these motions sparingly, reserving them for instances when (1) there has been an intervening change in controlling law, (2) new evidence has become available, or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice." *James v. Interstate Credit and Collection, Inc.*, Civ. No. 03-1037, 2005 WL 1806501 at *1 (E.D. Pa. July 29, 2005) (citing *Gen. Instrument Corp. v. Nu-Tek Elecs.*, 3 F.Supp.2d 602, 606 (E.D. Pa. 1998), *aff'd*, 197 F.3d 83 (3d Cir.1999)).

Here, there is no newly discovered evidence and the Court has not made any manifest errors of fact or law that would justify the granting of RJM's Motion.

III.    **ARGUMENT**

  A.    **There Is No Newly Discovered Evidence**

RJM does not present any "newly discovered evidence" to this Court. In fact, it admits that its Motion for Reconsideration is based exactly on the evidence that it presented in support of its motion for summary judgment. (*See* RJM's Mem. of Law at 4, n.2). This evidence was considered by the Court and is part of the record in this case.

RJM continues to contend that all of the evidence in this case is "uncontroverted." (*See* RJM's Mem. of Law at 1). That is false. For the sake of brevity, Plaintiff will not recast here the factual record, which was already presented to this Court with Plaintiff's briefing in opposition to RJM's motion for summary judgment. (*See* Plaintiff's Mem. of Law in Opp. to RJM Mt. for Sum. Jud. at 3-15, 19-25, filed with this Court on May 20, 2005). In its Memorandum and Opinion, this Court pointed to several contested issues of material fact that preclude summary judgment. *Farren v. RJM Acquisitions Funding, LLC*, Civ. No. 04-995, 2005 WL 1799413 ay * 1-2, 7, 10 (E.D. Pa. July 26, 2005). In any event, no facts in this case (whether contested or not) are "newly discovered."

Accordingly, there is no basis in fact to reverse the denial, in part, of RJM's motion for summary judgment.

> **B.    RJM Does Not Even Argue That The Court Made A "Manifest Error Of Law or Fact"**

In addition to failing to bring any new evidence to this Court that may warrant the extraordinary measure of reconsideration of its decision to deny, in part, RJM's motion for summary judgment, RJM also does not establish that this Court made a "manifest error of law or fact." Indeed, RJM does not even make that argument.

> **1.    FCRA Section 1681s-2(b)**

With respect to the portions of Plaintiff's FCRA claim that are going to trial, RJM continues to cite and rely upon the single cursory (approximately one page in length) Seventh Circuit decision that it relied upon for the first time at oral argument. *Westra v. Credit Control of Pinellas*, 409 F.3d 825 (7th Cir. 2005). *Westra* was considered by this Court and cited in its Memorandum and Opinion. Contrary to RJM's contentions, *Westra* does not stand for the broad proposition that the FCRA permits credit furnishers to escape any liability in an identity theft

4

case so long as they fill out – whether correctly or incorrectly, partially or fully – the forms that they choose to use in communicating with the credit bureaus.  Moreover, the facts in this case are contested as to whether RJM followed its own procedures, completed its own forms properly and consistently, whether it was reasonable in investigating the missing date of birth and the false address, and whether it updated both the Trans Union and the Experian credit bureaus consistently and at the same time, among other things*.  See Farren v. RJM Acquisitions Funding, LLC*, Civ. No. 04-995, 2005 WL 1799413 at * 1-2, 7, 10 (E.D. Pa. July 26, 2005).  This Court made no manifest error of law or fact in denying RJM motion for summary judgment despite the *Westra* decision.

Importantly, *Westra* is simply not the end-all and be-all in FCRA litigation.  The FCRA requires a credit furnisher, such as RJM, to (1) conduct a reasonable investigation into consumer disputes received from the credit bureaus (15 U.S.C. § 1681s-2(b)(1)(A)) and (2) if the credit furnisher makes any change to the reporting of the information disputed by the consumer because the investigation finds that the information is inaccurate or incomplete, it must make that change to all consumer reporting agencies to which it reports – not only one or two of those agencies (15 U.S.C. § 1681s-2(b)(1)(D)).  This is precisely what Plaintiff argued in his opposition to RJM's motion for summary judgment.  (*See* Plaintiff's Mem. of Law in Opp. to RJM Mt. for Sum. Jud. at 19, 24, filed with this Court on May 20, 2005).

Numerous circuit and district court decisions have held that the type of cursory and superficial "investigation" that was performed in this case simply does not meet the standards set forth under FCRA section 1681s-2(b).  *Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004); *see Richardson v. Fleet Bank of Mass.*, 190 F. Supp.2d 81, 88 (D. Mass. 2001); *Agosta v. Inovision*, Inc., Civ. No. 02-806, 2003 WL 22999213 (E.D. Pa. Dec. 16, 2003);

*Evantash v. G.E. Capital Mortg. Servs., Inc.*, 2003 WL 22844198 (E.D. Pa. Nov. 25, 2003); *Sheffer v. Experian Info. Solutions, Inc.*, Civ. No. 02-7407, 2003 WL 21710573 (E.D. Pa. July 24, 2003); *see also DiPrinzio v. MBNA America Bank, NA*, Civ. No. 04-872, 2004 WL 2039175 (E.D. Pa. Aug. 24, 2005). All of these cases render decisions against *credit furnishers* such as RJM for failing to dig deeper in their investigations, rather than simply looking at their computer screens and completing one page forms (called CDVs or ACDVs).

In fact, the very recent decision in *DiPrinzio* within this District allows willfulness claims and punitive damages to go forward to the jury against a credit furnisher, MBNA, which did nothing more than complete a CDV form based exclusively on information from its computer database, without any further investigation. *DiPrinzio v. MBNA America Bank, NA*, Civ. No. 04-872, 2004 WL 2039175 (E.D. Pa. Aug. 24, 2005).

Nor does RJM pay any attention to this Circuit's mandates for a reasonable investigation under the FCRA. *See Cushman v. Trans Union Corp.*, 115 F. 3d 220, 225-27 (3d. Cir. 1997). Although the *Cushman* case is against a consumer reporting agency ("CRA") and not a credit furnisher, the FCRA requires both CRAs and credit furnishers to conduct investigations or reinvestigations into consumer disputes. *See* 15 U.S.C. § 1681i(a)(1)(A) and 15 U.S.C. § 1681s-2(b)(1)(A). In a recent well-reasoned and comprehensive decision, the Fourth Circuit relied upon *Cushman* in explaining the similar investigation duties of credit furnishers in a section 1681s-2(b) case. *Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 432 (4th Cir. 2004) (citing *Cushman* and *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994) for proposition that credit furnishers must conduct a reasonable investigation). Many courts within this District have also followed the *Cushman* standard in credit furnisher cases brought under FCRA section 1681s-2(b). *See Evantash, Agosta, Sheffer, DiPrinzio, supra.* Plaintiff is not aware of any court

with this District, other that this Court, to have departed from the *Cushman* standard in assessing the investigation duties of credit furnishers under the FCRA.

Moreover, a recent district court decision in the Eastern District of Pennsylvania has rejected the notion that this Circuit would adopt a lower standard for CRA investigations that was espoused in another recent Seventh Circuit decision. *See O'Brien v. Equifax Info. Servs.*, Civ. No. 03-6583, 2005 WL 1941650 at *5 (E.D. Pa. Aug.11, 2005) (rejecting notion that Third Circuit would follow Seventh Circuit's *Sarver* decision in consumer reporting agency FCRA case).

Given the above-cited case law, it simply would be specious for RJM to argue that this Court made a manifest error of law or fact in denying Defendant's motion for summary judgment, in part, as to the FCRA section 1681s-2(b) claim. There is no basis either in law or fact for reversal of this Court's decision in that regard. Certainly, RJM does not establish that reversal is necessary to "prevent manifest injustice." *James v. Interstate Credit and Collection, Inc.*, Civ. No. 03-1037, 2005 WL 1806501 at *1 (E.D. Pa. July 29, 2005). Accordingly, RJM's motion for reconsideration should be denied.

   2.   **FDCPA Section 1692e(8)**

RJM also seeks this Court to reverse itself with respect to its decision to allow Plaintiff to proceed to trial with his FDCPA section 1692e(8) claim that RJM failed to communicate to the credit bureaus that the disputed debt was in fact disputed. FDCPA section 1692e(8) provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . Communicating or threatening to communicate to any person credit information which is known or which should be known to

7

be false, <u>including the failure to communicate that a disputed debt is disputed</u>." 15 U.S.C. § 1692e(8) (emphasis added).

     This Court made no manifest error of law or fact in denying RJM's summary judgment as to the FDCPA section 1692e(8) claim. There is a clear factual record in this case that (1) Plaintiff disputed the RJM collection account through Experian and Experian advised RJM of the dispute; (2) Plaintiff disputed the RJM collection account through Trans Union and Trans Union advised RJM of the dispute; and (3) Plaintiff disputed the RJM collection account directly with RJM over the telephone. (*See* Plaintiff's Mem. of Law in Opp. to RJM Mt. for Sum. Jud. at facts ¶¶ 28-36, 38-41, and exhibits attached in support thereof, filed with this Court on May 20, 2005).

     Despite knowing of these disputes, RJM communicated credit information back to Experian and Trans Union (in the form of CDV responses on July 25 and July 29, 2005 respectively) and never marked the debt as disputed. It simply verified this false collection account's accuracy. RJM also failed to mark the debt as disputed after Plaintiff's telephone dispute in August 2003, when it allegedly "updated" the credit bureaus, according to its own records on August 24, 2003. (*See* Plaintiff's Mem. of Law in Opp. to RJM Mt. for Sum. Jud. at facts ¶¶ 28-36, 38-41, and exhibits attached in support thereof, filed with this Court on May 20, 2005).

     These are multiple communications of credit information to third parties that fail to mark a disputed debt as disputed. Such communications violate FDCPA section 1692e(8). At least one other court within this District has found that issues of material fact existed and allowed an FDCPA section 1692e(8) claim to proceed to a jury trial under similar circumstances. *See Agosta v. Inovision*, Inc., Civ. No. 02-806, 2003 WL 22999213 at *7 (E.D. Pa. Dec. 16, 2003).

In its Motion for Reconsideration, RJM cites (for the first time) certain FTC commentary that provides that debt collectors are required to mark a debt as disputed during the communication to the credit bureaus, not afterwards. (*See* RJM's Mem. of Law at 10 (citing 53 Fed. Reg. 50097-50110 (Dec. 13, 1988)).

As a threshold matter, such an argument is waived because RJM failed to raise it in its original motion for summary judgment. *See Prousi v. Cruisers Division of KCS Inter.*, Civ. No. 95-6652, 1997 WL 793000 at * 3 (E.D. Pa. Dec. 8, 1997) (argument waived when not raised in original motion for summary judgment).

Moreover, FTC commentary is not biding upon this or any court. *See Fischl v. General Motors Acceptance Corp.*, 708 F.2d 143, 149 n.4 (5th Cir. 1983).

Finally, and perhaps most importantly, this argument also fails squarely on its merits because the part of the FTC commentary that RJM focuses upon is not applicable to this case. Plaintiff is not claiming that RJM should have marked the disputed collection account as disputed *before* it knew of the dispute or that RJM should have updated a previous communication due to a post-report dispute. He is claiming that FDCPA section 1692e(8) required that the debt be marked as disputed <u>during the communications</u> in July and August 2003 when it communicated with the credit bureaus via CDV and "update" and never marked the debt as disputed. There can be no doubt that RJM "knew or should have known" of Plaintiff's disputes on July 25 and 29 and August 24, 2003 (and, of course, later), before it communicated with the credit bureaus via CDV and update. Indeed, the "CDV" and "update" communications in July and August 2003 were in *response* to Plaintiff's disputes that had been already received. Thus the FTC commentary regarding "post-report disputes" is not applicable here; indeed, it is the "disputed debt" portion of that same commentary that applies to the facts of this case.

In sum, RJM has presented no evidence that this Court made a "manifest error of law or fact" with respect to denying summary judgment as to Plaintiff's FDCPA section 1692e(8) claim. Accordingly, RJM's Motion for Reconsideration must be denied.

### C. RJM Misrepresentations And Gratuitous Comments Should Be Ignored

Although completely irrelevant to its Motion for Reconsideration, in its brief RJM makes several gratuitous comments concerning other claims in this case and other parties (which have settled) that are misleading and improper, and should thus be ignored by this Court. For example, RJM states that other defendants have already compensated Plaintiff for his harm. (*See, e.g.,* RJM's Mem. of Law at 11 n.6). RJM has no basis in law or fact to make such a statement.

Plaintiff had many disputes regarding many fraudulent accounts, not just his disputes with RJM. The history of disputes with other parties, the origin of the accounts, the chronology of the reporting or re-insertions of these other accounts on Plaintiff's credit reports, the different theories or liability (state and federal) and damages as to different defendants, and other important matters are completely ignored by RJM. This identity theft case was not exclusively about RJM. All other defendants have settled. RJM never even bothered to take any discovery from them when they were still in the case in order to find our how their conduct related to this case.

RJM is also mistaken in assuming that settlements with other parties has any bearing on Plaintiff's individual statutory claims under the FCRA and FDCPA as to RJM, as there is no set-off, joint tortfeasor liability, or right to indemnity or contribution under the federal statutes at issue. *See Texas Instruments Inc. v. Radcliff Material, Inc.,* 451 U.S. 630, 638 (1981) (in cases alleging a violation of a federal statute, there exists no right to off-set unless the statute itself or

federal common law so provides). Indeed, settlement agreements between plaintiff and other defendants in an FCRA case are not discoverable or relevant in limiting the liability of another defendant. *Betts v. Equifax Credit Information Servs.,* 245 F. Supp. 2d 1130, 1136 (W.D. Wash. 2003); *see also Kerr v. Wanderor & Wanderor,* 211 F.R.D. 625, 632 (D. Nev. 2002) (no right to off-set under the FDCPA).

RJM's statements regarding other parties or settlements are simply an unjustified and misleading attempt to prejudice Plaintiff, and must be summarily discounted.

### IV. CONCLUSION

For the reasons stated above, as well as the reasons set forth in Plaintiff's Opposition to Defendant's motion for summary judgment dated May 20, 2005, which are incorporated by reference herein, Defendant RJM Acquisitions Funding, LLC's Motion for Reconsideration should be denied.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Date: September 1, 2005