IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD T. FARREN )<br>)<br>      Plaintiff, )<br>vs. )<br>)<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC. )<br>   and )<br>TRANSUNION, LLC )<br>   and )<br>ANDERSON FINANCIAL NETWORK, INC. )<br>   and )<br>GMAC )<br>   and )<br>RJM ACQUISITIONS FUNDING, LLC )<br>)<br>      Defendants. )<br>) | **Civil Action No. 04-995** |

**AMENDED PRE-TRIAL MEMORANDUM**
**OF PLAINTIFF RICHARD T. FARREN**

Plaintiff Richard T. Farren, by and through his undersigned counsel, submits this Amended Pre-Trial Memorandum in accordance with Local Rule 16.1(c) and this Court's instructions provided at the final pre-trial conference in this matter, held in chambers on September 19, 2005.

**I.      NATURE OF THE ACTION AND JURISDICTION**

This is an action for damages brought by an individual consumer against the Defendant, RJM Acquisitions Funding LLC, ("RJM"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA").

Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

**II.     SUMMARY OF FACTS AS TO LIABILITY**

Richard T. Farren is a victim of identity thief. Defendant RJM is a debt collector and a furnisher of credit information to the credit bureaus.

In 2003, Defendant reported to Trans Union and Experian that the Plaintiff had a collection account. While applying for a mortgage from Countrywide Home Loans, Plaintiff was informed of the existence of this outstanding collection account and other derogatory and fraudulent credit items, which drove down his excellent credit and was providing an obstacle in his ability to refinance his mortgage.

The Plaintiff disputed the outstanding collection account with Trans Union and Experian and RJM twice verified the collection account to these credit bureaus as his. In an attempt to collect this debt, RJM sent a dunning letter to Mr. Farren. Plaintiff again disputed the false collection account, this time directly with RJM.

The Defendant contends that at the end of the summer 2003, it stopped reporting the collection account with Trans Union. Trans Union documents show RJM continued to report this false collection account until after this action was filed.

As a result of the above the Plaintiff sustained serious damages, which are detailed below.

**III.    DAMAGES**

    **A.     Financial Losses/Harm To Credit**

As a result of reporting and verifying false credit information about him, Plaintiff was denied credit and credit opportunities and had his credit reputation, credit standing and credit score diminished in the eyes of his creditors and potential creditors. Specifically, Plaintiff was denied credit from Burdines. Plaintiff also claims as damages against RJM the frustration,

2

embarrassment, waste of time, worry and emotional distress that RJM caused him through its unlawful credit reporting and debt collection activities. Plaintiff also claims that RJM defamed him by reporting patently false information about him.

Plaintiff also seeks the statutory damages available to consumers under the FCRA and FDCPA.

**B.     Dignitary Harm and Emotional Distress**

Mr. Farren suffered great emotional distress, frustration, anxiety, and related symptoms, as well as great humiliation and embarrassment. These damages suffered by Plaintiff are well recognized as cognizable under the FCRA. The range of awards for such cases are as follows: See Boris v. Choicepoint Servs., Inc.,WL 1255891 (W.D. Ky. March 14, 2003) ($100,000 in emotional distress damages verdict upheld as appropriate under FCRA upon defendant credit reporting agency's post-trial motion); Thomas v. Trans Union, (D. Or. 2002) ($300,000 in compensatory damages for emotional distress and $5 million for punitive damages, remitted to $1 million); Johnson v. MBNA (D. Virginia 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s2(b); Jorgenson v. TRW, Inc., C.A. No. 96-286 (D. Or. 1998) (jury awarding plaintiff $600,000 for compensatory damages for credit rating damage and emotional distress); Anderson v. Conwood Co., 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety); Milgram v. Advanced Cellular Systems, Inc., 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for credit damage, $20,224 in attorney's fees); Stevenson v. TRW, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees); Collins v. Retail Credit Co., 410 F. Supp. 924 (E.D. Mich. 1976)

($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social, and economic life," $50,000 in punitive damages and $21,000 in attorney's fees); Bryant v. TRW Inc., 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 compensatory, $42,500 punitive upheld); Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses); Pinner v. Schmidt, 617 F. Supp. 342 (E.D. La. 1985) ($25,000 in actual damages for negligent credit violations); Trans Union Corp. v. Crisp, 896 S.W.2d 446 (Ark. App. 1995) ($15,000 in actual damages, $25,000 in punitive damages in a case involving reports which did not show that debts had been satisfied); Thompson ($10,000 for three credit denials); Thorton v. Equifax Inc., 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000 compensatory and $250,000 in punitive damages); Phillips v. David McDermott Chevrolet, Inc., 1992 WL 67374 (Conn. Super. 1992) ($5,000 for credit rating damage); see also Dalton v. Capital Assoc. Indus., 257 F.3d 409 (4th Cir. 2001) (damages for loss of reputation are available under FCRA); Guimond v. Trans Union, 45 F.3d 1329 (9th Cir. 1995) (humiliation and mental distress damages available under FCRA); Morris v. Credit Bureau of Cincinnati, 563 F. Supp. 962 (S.D. Ohio 1983) (nervousness, irritation and loss of sleep compensable under FCRA.).  In FCRA cases, such damages do not require expert medical testimony. See Boris, 2003 WL 1255891  *5-7; see also Guimond, 45 F.3d at 1333.

**IV.   WITNESSES**

| | |
|---|---|
| Richard Farren<br>4624 Shiloh Mill Blvd.<br>Jacksonville, FL 32246 | Liability and damages, including his disputes and credit denials |

4

| | |
|---|---|
| Neil Matte<br>RJM Acquisitions Funding, LLC<br>575 Underhill Boulevard<br>Syosset, New York 11791 | Liability and damages, as per his deposition |
| Samir Shah<br>RJM Acquisitions Funding, LLC<br>575 Underhill Boulevard<br>Syosset, New York 11791 | Liability |
| Joan Tischler<br>RJM Acquisitions Funding, LLC<br>575 Underhill Boulevard<br>Syosset, New York 11791 | Liability |
| Cassandra Pannell<br>RJM Acquisitions Funding, LLC<br>575 Underhill Boulevard<br>Syosset, New York 11791 | Liability |
| Lynn Cohen<br>RJM Acquisitions Funding, LLC<br>575 Underhill Boulevard<br>Syosset, New York 11791 | Liability |
| John Coscia<br>RJM Acquisitions Funding, LLC<br>575 Underhill Boulevard<br>Syosset, New York 11791 | Liability |
| Eileen Little<br>Trans Union, LLC<br>1510 Chester Pike<br>Crum Lynne, PA 19022 | Liability |
| Countrywide Home Loans<br>Corporate Representative<br>7105 Corporate Drive PTX B-455<br>Plano, TX 75024 | Liability and Damages |
| Burdines Premier Plus Visa Card<br>Corporate Representative<br>P.O. Box 8051<br>Mason, OH 45040 | Liability and Damages |

V. **EXHIBITS**

| | | |
|---|---|---|
| P1 | Plaintiff's Experian credit report dated 5/7/03 | |
| P2 | Letter to Experian from Plaintiff dated 7/15/03 regarding negative entries on credit report along with dispute form (3 pages total) | |
| P3 | Plaintiff's Experian investigation results and credit report dated 8/9/03 | |
| P4 | Plaintiff's Trans Union credit report dated 5/7/03 | |
| P5 | Letter to Trans Union from Plaintiff dated 7/15/03 regarding several negative entries on credit report with dispute form (3 pages total) | |
| P6 | Plaintiff's Trans Union credit report dated 7/22/03 | |
| P7 | Plaintiff's Trans Union investigation results and credit report dated 8/13/03 | |
| P8 | Denial letter to Plaintiff from Burdines Premier Plus Visa Card dated 5/28/03 | |
| P9 | Dunning letter to Plaintiff from RJM Acquisitions Funding, LLC dated 8/13/03 | |
| P10 | Letter to Plaintiff from GMAC dated 11/17/00 | |
| P11 | RJM note screen regarding Plaintiff dated 7/03 and 8/03 | |
| P12 | Printout of Plaintiff's personal identifying information and RJM account information | |
| P13 | Trans Union's consumer dispute verification form dated 7/25/03 | |
| P14 | Experian's consumer dispute verification form dated 8/14/03 and revised 4/29/04 form (2 pages total) | |
| P15 | RJM's E-oscar procedures, 4 pages | |
| P16 | RJM's ACA International FDCPA Final Exam | |
| P17 | Trans Union's consumer relations system trade set detail regarding Plaintiff dated 7/25/03 claiming account closed | |
| P18 | Trans Union's consumer relations system trade set detail regarding Plaintiff dated 7/25/03 claiming account not Plaintiff's | |
| P19 | Trans Union snapshot regarding Plaintiff dated 7/2003 | |
| P20 | Trans Union snapshot regarding Plaintiff dated 8/2003 | |
| P21 | Trans Union snapshot regarding Plaintiff dated 3/2004 | |
| P22 | Trans Union snapshot regarding Plaintiff dated 4/2004 | |
| P23 | RJM's Objections and Responses to Plaintiff's First Set of Interrogatories | |
| P24 | RJM's Objections and Responses to Plaintiff's First Request for Admissions | |

Additionally, Plaintiff reserves the right to also rely upon and enter into evidence any exhibits identified by Defendant.

Additionally, Plaintiff reserves the right to also rely upon and enter into evidence any documents that were produced or exchanged by any party during discovery in this case.

Specifically, Plaintiff reserves the right to use the deposition transcripts of RJM's Neil Matte, Samir Shah, Joan Tischler, Cassandra Pannell, Lynn Cohn and John Coscia should any of those witnesses fail to appear for trial.

**VI. TRIAL TIME**

Plaintiff estimates that the entire trial should last 2-3 days.

**VII. SPECIAL ISSUES**

Plaintiff intends to present certain demonstrative evidence at trial using equipment such as a document camera or projector with an overhead screen. Plaintiff would desire to coordinate such presentation with court staff and/or to use court equipment, and respectfully request direction from the Court as to how to set up such projector and/or overhead screen presentation.

**VIII. LEGAL ISSUES**

The primary legal issue at trial will be whether RJM failed to properly investigate Plaintiff's dispute under the FCRA and whether RJM violated the FDCPA in reporting credit information that it knew or should have known was inaccurate, including the failure to mark the disputed collection account as disputed. Plaintiff will submit proposed points for charge and a trial memorandum under separate cover setting forth the applicable legal standards.

In summary form under the FCRA, after being notified by a consumer reporting agency about the plaintiff's dispute, RJM was required to:

(1) conduct a reasonable investigation with respect to the disputed information;

(2) review all relevant information provided to RJM by the credit bureaus;

(3) report the results of the investigation to the credit bureaus; and

(4) report any change to all three major credit bureaus if its investigation finds that the information is incomplete or inaccurate.

Thus, if RJM made any change to the reporting of the information disputed by the consumer because the investigation finds that the information is inaccurate or incomplete, it must make that change to all credit reporting agencies to which it was reporting, not only to one or

two of those agencies.  *See,*15 U.S.C. 1681s-2(b)(6); Johnson v. MBNA America Bank, NA, 357 F.3d 426, 430-31 (4th Cir. 2004); Agosta v. Inovision, Inc., 2003 WL 22999213, at *5 (E.D. Pa. Dec. 16, 2003); Evantash v. G.E. Capital Mortg. Servs., Inc., 2003 WL 22844198, at *6 (E.D. Pa. Nov. 25, 2003); Nelson v. Chase Manhattan Mortgage, 282 F.3d 1057 (9th Cir. 2002).

      RJM was required to conduct a reasonable investigation; not merely a brief review of its computer records.  Johnson v. MBNA America Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004); Bruce v. First U.S.A. Bank, Nat. Ass'n., 103 F. Supp. 2d 1135, 1143 (E.D. Mo. 2000).

      With respect to the FDCPA, plaintiff claims RJM violated the federal statute by:

> Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed

15 U.S.C. §§ 1692e(8).  RJM's conduct, which will be established at trial via both testimony and documents, violated the FDCPA.

      This Pre-trial Memorandum is:

      Respectfully submitted,

      **FRANCIS & MAILMAN, P.C.**

BY: _____
      JAMES A. FRANCIS, ESQUIRE
      MARK D. MAILMAN, ESQUIRE
      JOHN SOUMILAS, ESQUIRE
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

Dated: October 7, 2005