IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD T. FARREN               ) | |
|               ) | |
| **Plaintiff,**      ) | |
| vs.            ) | |
|               ) | **Civil Action No. 04-995** |
| EXPERIAN INFORMATION    ) | |
| SOLUTIONS, INC.        ) | |
|    and         ) | |
| TRANSUNION, LLC       ) | |
|    and         ) | |
| ANDERSON FINANCIAL NETWORK, INC.   ) | |
|    and         ) | |
| GMAC           ) | |
|    and         ) | |
| RJM ACQUISITIONS FUNDING, LLC   ) | |
|               ) | |
| **Defendants.**    ) | |
|              ) | |

TRIAL MEMORANDUM
OF PLAINTIFF RICHARD T. FARREN

Plaintiff Richard T. Farren, by and through his undersigned counsel, submits this Trial

Memorandum in accordance with this Court's procedures and instructions provided at the final

pre-trial conference in this matter, held in chambers on September 19, 2005.

## I.    LEGAL STANDARDS

The are two straightforward legal issues remaining in this case for trial: (1) Whether

Defendant negligently violated section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. §§ 1681 *et seq.*, *as amended*; and (2) Whether Defendant violated section 1692e(8) of

the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

### A.    FCRA

The FCRA under section 1681s-2(b) provides that credit furnishers such as RJM must:

(1)    conduct a reasonable investigation with respect to the disputed information;

(2)        review all relevant information provided to RJM by the credit bureaus;

(3)        report the results of the investigation to the credit bureaus; and

(4)        report any change to all three major credit bureaus if its investigation finds that

the information is incomplete or inaccurate.

RJM was required to conduct a reasonable investigation; not merely a brief review of its

own computer records.  Johnson v. MBNA America Bank, NA, 357 F.3d 426, 431 (4th Cir.

2004); see also Bruce v. First U.S.A. Bank, Nat. Ass'n., 103 F. Supp. 2d 1135, 1143 (E.D. Mo.

2000).  As the Fourth Circuit recently observed in affirming a denial of a credit finisher's motion

for summary judgment in an FCRA case, a jury may find that a credit furnisher's investigation

was  unreasonable if the evidence establishes that the credit furnisher did not look beyond the

information contained in its own computer system and did not consult any underlying

documents, such as the original account application.  Johnson v. MBNA America Bank, NA, 357

F.3d 426, 431 (4th Cir. 2004).[1]

Moreover, questions of the reasonableness of a company's investigation under the FCRA

are usually for the jury.  See Cushman v. Trans Union Corp., 115 F. 3d 220, 225-27 (3d. Cir.

1997); Agosta v. Inovision, Inc., 2003 WL 22999213  (E.D. Pa. Dec. 16, 2003) (denying

summary judgment in FCRA case and allowing reasonableness of credit furnisher's investigation

to be determined by jury); Evantash v. G.E. Capital Mortg. Servs., Inc., 2003 WL 22844198

---

[1]        In determining whether a credit furnisher reported accurate and complete information following its
investigation, a court must be mindful that "technical accuracy" is not a defense.  Even if a credit item is technically
accurate, a credit furnisher still violates the FCRA if the way in which it reports that item is "misleading or
materially incomplete."  Evantash v. G.E. Capital Mortg. Servs., Inc., 2003 WL 22844198, at *4 (E.D. Pa. Nov. 25,
2003); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37 (D.C. Cir. 1984).  A credit item can be considered inaccurate
or incomplete for purposes of the FCRA if the way in which the credit furnisher reported it is misleading to potential
creditors.  Agosta v. Inovision, Inc., 2003 WL 22999213, at *5 (E.D. Pa. Dec. 16, 2003); see Curtis v. Trans Union,
Nos. 02-C-207, 02-C-208, 2002 WL 31748838, at * 4 (N.D. Ill. Dec. 9, 2002) (finding that even factually correct
information may be "inaccurate" for FCRA purposes where such information may be misleading to a party
reviewing the consumer's credit report).

(E.D. Pa. Nov. 25, 2003) (same); Sheffer v. Experian Info. Solutions, Inc., Civ. No. 02-7407,

2003 WL 21710573 (E.D. Pa. July 24, 2003) (same).

In the case at bar, a reasonable jury may conclude that RJM failed to conduct reasonable

investigations in to Mr. Farren's disputes with Experian and Trans Union and failed to update

these credit bureaus to delete the disputed account at the same time.

**B.     FDCPA**

With respect to the FDCPA, plaintiff claims RJM violated the federal statute by:

> Communicating or threatening to communicate to any person
> credit information which is known or which should be known to be
> false, including the failure to communicate that a disputed debt is
> disputed

15 U.S.C. § 1692e(8).

The FDCPA was created to prohibit the use of abusive, deceptive and unfair debt

collection practices by persons engaged in the debt collection industry.  Wilson v. Quadramed

Corporation, 225 F.3d 350, 2000 WL 1222164, *3 (3d Cir. 2000); Crossley v. Lieberman, 868 F.

2d 566 (3d. Cir. 1989).  Congress enacted the FDCPA upon the finding that there was abundant

evidence of abusive, deceptive and unfair practices by many debt collectors.  Wilson, supra,

citing Miller v. Payco-General American Credits, Inc., 943 F.2d 482, 483-84 (4th Cir. 1991)

(quoting 15 U.S.C. §§1692a and 1692e).[2]

Consistent with several other titles of the federal Consumer Credit Protection Act

("CCPA"), the FDCPA establishes a system of enforcement primarily by private attorney's

general.  15 U.S.C. §1692k; Russey v. Rankin, 837 F. Supp. 1103, 1105 (D.N.M. 1993); Whatley

v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).  The FDCPA is

---

[2]      The continuing existence of such consumer abuse has only been confirmed by recent statistics.  The Federal
Trade Commission ("FTC") recently found that more consumers complained about third-party debt collectors than
any other industry in 2004. Federal Trade Commission, Annual Report: Fair Debt Collection Practices Act ( 2004).

also similar to other titles of the CCPA in that it is a strict liability statute to be liberally construed, requiring no proof of deception or actual damages to obtain its statutory remedies. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 63 (2d. Cir. 1993); Baker v. G.C. Services Corp., 677 F.2d 775, 780 (9th Cir. 1982). As the FDCPA is a strict liability statute, proof of one violation is all that is required to support judgment for a plaintiff. Woolfolk v. Van Ru Credit Corp., 783 F. Supp. 724, 725 (D. Conn.1990).

The FDCPA permits a consumer to recovery statutory damages up to $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). FDCPA also allows consumers to recover actual damages, in addition to statutory damages. 15 U.S.C. § 1692k(a)(1). With respect to actual damages under the FDCPA, courts from around the country, including the Third Circuit, have all held that emotional distress damages are actual damages deserving of compensation. See Anderson v. Conwood Co., 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety); Stevenson v. TRW, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees); Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses); Morris v. Credit Bureau, 563 F. Supp. 962 (S.D. Ohio. 1983) ($10,000 for stress, anxiety, humiliation, injury to his reputation , his work, his family, his sense of well-being); Collins v. Retail Credit Co., 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life", $50,000 in punitive damages and $21,000 in attorney's fees); Bryant v. TRW Inc., 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's

fees $13,705); <u>Belile v Allied Medical Accounts Control Associated Bureaus, Inc.</u>, 209 B.R. 658 (E.D. Pa. 1997) (consumer is entitled to actual damages under the FDCPA, PDCTPR and UTPCPL for emotional distress arising from unlawful debt collection practices arising from letter violation); <u>Crossley v Lieberman</u>, 90 B.R. 682 (E.D. Pa 1988), <u>aff'd</u>, 868 F.2d 566 (3d. Cir 1989) (actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); <u>In re Littles</u>, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); <u>Southern Siding Company, Inc, v. Raymond</u>, 703 So.2d 44 (La. App., 1st Cir. 1997) (actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); <u>Venes v. Professional service Bureau</u>, 353 N.W. 2d 671 (Minn. Ct. App. 1984)($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); <u>Smith v. Law Offices of Mitchell N. Kay</u>, 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation). Moreover, damages for emotional distress, personal humiliation, embarrassment, sleeplessness, depression and mental anguish need not be proved by medical documentation or expert testimony and can be sustained by the consumer himself.  <u>See</u> <u>Belile</u>, <u>Crossley</u>, <u>Littles</u>, <u>Raymond</u>.

RJM's conduct, which will be established at trial via both testimony and documents, violated the FDCPA.  Indeed, the clear and undisputed records in this case will show that RJM never marked the disputed debt as disputed with either Trans Union or Experian despite being put on notice of the dispute on at least three separate occasions.

This Trial Memorandum is:

                                                Respectfully submitted,

                                                **FRANCIS & MAILMAN, P.C.**

BY:     _____

                                                JAMES A. FRANCIS, ESQUIRE
                                                MARK D. MAILMAN, ESQUIRE
                                                JOHN SOUMILAS, ESQUIRE
                                                Land Title Building, 19th Floor
                                                100 South Broad Street
                                                Philadelphia, PA 19110
                                                (215) 735-8600

Dated: October 7, 2005